May it please the Court. My name is Brandon Beck, and I represent Dennis Johnson, the appellant in this case. In my limited time before the Court today, I'd like to focus on the first half of my alternative argument, assuming for the sake of argument that the other conduct described in this case was relevant to the offense of conviction. In that light, this case is about safeguarding the protections the U.S. Sentencing Commission put into place to prevent offenders from serving double time for the same or related conduct. And there are two reasons why this Court should reverse and remand for the limited purpose of ordering that the instant offense run concurrently to the anticipated State offense stemming from relevant conduct. And we're reviewing under plain error. Yes, Your Honor, we are. First, the district court anticipated a State term of imprisonment. And, second, even if the district court did not subjectively anticipate a term of imprisonment, it reasonably should have done so. Judge Barksdale — It turns on the word anticipates. It turns in part on the word anticipates. Certainly, the concept of anticipate has to be there. My argument is that it doesn't necessarily turn on the interpretation of anticipate. And I know that there's some dispute on that in this case. Anticipates — one of the discussions I've had with the U.S. Attorney's Office is that anticipate can be read perhaps subjectively or objectively. My argument here, saying that the judge anticipated or even if the judge didn't, he reasonably should have done so, is seeking to cover both eventualities. And my argument is, is that I prevail whether it's interpreted as a subjective standard or an objective standard. So in that sense, this Court need not decide that today. Now, one of the arguments the government has made on this point is that anticipate is to be read synonymous with the concept pending. And there appears to be — at least the government's justification for that comes from a case before this Court, an unpublished opinion in United States v. Looney from 2015. And I wanted to make a couple comments on that. The Looney case, what it's talking about here is whether a defendant should receive back time. The guidelines provision at issue in Looney was not 5G1.3C, but rather 5G1.3B. And the particular phrasing that refers to 5G1.3C as pending comes in a description, a very short discussion right at the end of the Looney opinion, where it's just seeking to explain the differences between 5G1.3B, where a sentence is already imposed, and 5G1.3C, where the Court says, in other words, and that's the beginning of the sentence, we're talking in this provision about something that is perhaps pending. Now, my argument is that if the Sentencing Commission wanted to use the term pending, it could have. Instead, the Sentencing Commission chose a different phraseology to quote, the sentence for the instant offense shall be imposed to be run concurrently to the anticipated term of imprisonment. So you read the case law to say that it's, whether it's pending is sufficient, it's not necessarily necessary? That would be accurate, Your Honor. How is this plain error, though? What's your authority that this is so obvious that everybody should have known about it? Yes, Your Honor. And I want to, with the Court's permission, run through each of the plain error prongs, because I understand that's a concern for this Court. First, Your Honor, we have to show that it's error. My argument that it's error is that the Court anticipated a term of imprisonment, as reflected in the exchange on page 109 of the record. And then the Court, after enhancing the defendant for the relevant conduct, did not then run it concurrently or, alternatively, did not impose a variance. There's no indication in the record that there was a variance imposed. So that's the error in this case. To the second prong, plainness, my argument is that the error was plain because 5G 1.3c's requirement is clear in this case. If it's anticipated, shall be run concurrent to the other offense. Third, I have to show that it affected the defendant's substantial rights. Here, my main argument on substantial rights is if it's run consecutive and not concurrent, and consecutive is the default based on Bureau of Prison's interpretation, then the defendant will effectively serve more time. Part of that will be double time for the same conduct. What I mean by that is when his sentence was enhanced in the Federal sentence based on relevant conduct, the guidelines seek to balance that. There's a counterbalancing provision that he doesn't then serve additional time, at least for that enhancement, in the State sentence. He will do so here. And then fourth, dealing with fairness or integrity. I think that my substantial rights argument kind of is similar to my fairness or integrity argument, specifically in terms of fairness. The scheme put in place for sentencing is, considers kind of the negotiation between the Federal court system and the State court system, State's court system. And the general thrust of it is if your conduct outside the offense of conviction is taken into account and that increases the sentence on your offense of conviction, we're not going to then allow that to bleed over into the State context. Now, if the State judge sees what has happened and the State judge thinks that the offender deserves a lot more punishment than simply this four-level enhancement, the State judge is certainly free to impose whatever sentence that's within the statutory maximum there. So because we received the detriment here for the relevant conduct but not the counterbalancing benefit that 5G 1.3c provides, that calls into question the fairness of the proceeding below. So that's my argument on plain error, Your Honors. In terms of my first point. But going back to the second prong, whether the error is plain requires that it be clear or obvious. And that's, the Supreme Court has said, that's whether the issue is subject to reasonable dispute. And just because the guideline says anticipated, there are lots of different meanings of anticipated as far as these proceedings. I know they, I recall from the colloquy at sentencing about, maybe the defendant's lawyer said, well, the State's just waiting until you impose sentence or something to indict him. And the judge had a response to that, so on and so forth. But I'm not sure it's just to say because the word anticipated is used in the guideline. That's an open and shut question. Can you cite any opinions from our court or other circuits where they've taken a position, you're urging that when he hasn't been charged and there's a thought he might be charged by the State, that's, quote, anticipated even though there's just a colloquy at sentencing, no proof? No, Your Honor. I can't cite a case in which someone had not been charged, yet it was plain error for the judge not to anticipate it. My point is that ordinarily a judge won't be able to anticipate a case that's not pending. I would concede that that's the typical circumstance. But I also don't think we can rule out the possibility that in some circumstances a judge could anticipate or should anticipate a charge that hasn't even been indicted. And the reference to page 109, this colloquy that you mentioned, I think there's two takeaways here. Not only, number one, that the judge acknowledged that perhaps the State prosecutors are taking a wait-and-see approach here, but the other takeaway is that the judge thinks that there's no evidentiary barrier to the State bringing charges. So defense counsel had argued, well, maybe we should make something of the fact that they haven't brought charges. Perhaps they don't want to put certain witnesses that are unseemly before a grand jury. And the district judge correctly acknowledged that's never been a problem in other cases, and perhaps they're waiting to see what happens here. Of course, that was proven correct. As I recall in the record, the judge said, well, that's never been a problem in other cases, and then said, I'm not being sarcastic or something to counsel. What was his comment? Yeah, his comment said, I'm sorry, I'm not saying your argument is ridiculous. I'm saying there's a little bit of humor in it, unintended. I think that's an acknowledgment by the judge that defense counsel's argument had some serious infirmities, given two things, given the seriousness of the alleged conduct, relevant conduct, very serious conduct. It's not something that a person or a judge would or literally believe that a State prosecutor would just let go of. And then the second observation is that the State maintained an interest in this defendant. The original charges, the misdemeanor possession of marijuana, an unlawful possession of a firearm, those were the original charges. They had been dismissed by the time that Mr. Johnson was brought over, yet the State maintained a detainer, maintained an interest in him, maintained some power over him. So I think when we look at the judge's subjective acknowledgments about the lack of an evidentiary barrier and the correct prediction that the State was taking a wait-and-see approach, you take that in conjunction with the very serious allegations of the State in the existence of a detainer, I think the judge actually did anticipate. And I don't think that anticipate is a difficult word to define. I think in common parlance, anticipate means to expect or to foresee. And if we — Well, I'll grant you that the terms we're talking about are elastic, right? They're capable of potentially different breadth. And so your point is well taken that the Federal court here could have anticipated that the defendant could be sentenced in State court. What do you make of the fact that it doesn't say could, it says will? The Federal court anticipates that the defendant will be sentenced in State court. Does that sort of ever so slightly cut against you? I want to clarify one aspect of your statement about 5G 1.3c. It doesn't say the Federal court does or will. It says if it is anticipated. I mean, we can't ask the Federal court to predict the future. 5G 1.3c doesn't ask the judge to predict the future. What it says is if the judge anticipates this and you're going to enhance the Federal sentence and give the defendant a higher sentence, there's a counterbalancing measure to that. And my primary argument is that the district judge did anticipate. And that's suggested here on page 109 of the record in this exchange. Your Honors, what I think happened here, and I think this happened both to the defense counsel and to the district court, is that the conversation became so focused on whether this other conduct is relevant to the offensive conviction that they lost sight of the counterbalancing measure that if it is, then we run it concurrently. And at a minimum, what we're asking for is that it be remanded for the district judge to make a finding, to either say, yes, I did anticipate it and I'll run it concurrently, or I did anticipate it and I'm imposing an upward variance and here's why, or that I did not anticipate a state sentence. I think within this court's supervisory function, we could remand just for that very limited purpose. Although I think the court should go further and remand and say, in light of the fact that you anticipated it or reasonably should have done so, we ask you to reform the judgment to run the Federal sentence concurrent to the state sentence that we now believe Mr. Johnson is certainly facing and it's going to be very lengthy. And for these reasons, we ask this court to reverse and remand, and I reserve the rest of my time for rebuttal. Yes. Thank you, Mr. Beck. Mr. Taylor. May it please the Court, Sean Taylor for the United States. This Court should affirm the judgment of the district court below because the district judge did not clearly or let alone plainly err in deciding to impose sentence that was silent as to whether or not it would be concurrently with the anticipated state sentence because the case was not even filed at this point. So in essence, the district court did not anticipate a state sentence because charges were not filed. Moreover, the defendant counsel actually argued against the state's case at the sentencing hearing, so there is no occasion for the district court to even consider whether or not a sentence would be imposed. Under Guideline 5G1.3C, a district court is to run a sentence based on relevant conduct on anticipated state charges. But here, there was no anticipated state charges because the Tarrant County District Attorney's Office had not acted. There were some unrelated charges that had already been dismissed. But in terms of the charges based on the robbery, there's nothing pending. Moreover, during the exchange between the district court, you reference on pages 109 and 110 of the record, there's an exchange between the district court and the defense counsel as to the nature of the robbery charge and what was being discussed during this exchange was whether or not there is sufficient evidence of a robbery to support the enhancement under 2K2.1, not whether or not the district attorney's office would file charges. So in one breath, the defense attorney was undercutting the state's charge by essentially arguing that there wasn't enough there to charge. But now here, the appellant is asking for this court to find plain error that the district court should have anticipated a case that was actually argued against for at the district court level. Well, is the word anticipated, is that an objective or subjective standard? Your Honor, in proposing that this court must make a decision between objective and subjective, the court is really presented with a false dichotomy. The question before the court is whether the district judge anticipated the state's sentence, and if not, whether that was plain error not to do so. Importantly, there was no objection to this issue at the district court level, so we are here on plain error review. And there is no case out of this court or any other federal court that has held that a state case that has not even been charged should be anticipated by the sentencing judge. And therefore, in order to reverse, this court would have to hold that proposition for the first time. And because the court or any other court has not made that clear based on its interpretation of the guidelines, it would be unfair to hold the sentencing court to that prediction. Opposing counsel mentioned the United States v. Looney case, and I will just note that in discussing it in the meaning of anticipated sentence, the court noted that the court's discretion, the sentencing court's discretion to impose a concurrent sentence for an anticipated state sentence means that the district court has the discretion to impose a sentence concurrent with a future state sentence when state charges are pending against the defendant. Now, I'll admit that the Fifth Circuit was not directly addressing this issue in making that statement, but that's important because that's just the way that it's always been interpreted. That's the way that this court has interpreted that in previous cases, and that's just the common meaning of the word anticipate. So it was not error for the judge to, the sentencing judge, to take that approach here. So first, there is no error, and even if this court were to find error or assume error, it's not clear or obvious because no court has to date made this holding. So it fails at the second prong? I'm sorry? Fails at the second prong? Is that what you're saying? Your Honor, I think it fails at the first prong, but even if this court were to assume error, it certainly is not plain error because it's subject, even if the court were to assume error, there's no, it's not clear or obvious because there's no guidance from an appellate court, and even the guideline itself does not contemplate uncharged conduct. So at the very least, it would be subject to reasonable debate, Your Honor. If we go to the third prong, I don't think this court would even need to reach the third prong, but if it does, any potential error did not have an effect on the defendant's substantial rights because at this point there has been no state sentence, and even if the state were to impose a sentence, Mr. Johnson could ask the state court to run it concurrently. He still has an opportunity to remedy, so there has been no actual harm at this point. So in order, if the court were to reverse it, be reversing on an imaginary harm that has not occurred, it's not an actual harm to the defendant. Now, wait. Are you talking about what's happening, the present situation, or what the situation was at sentencing? So at sentencing there was no anticipated sentence, state sentence, excuse me. I'm saying that the defendant here has not actually suffered a substantial effect on his rights because he still has the opportunity to attempt to redress any theoretical harm before the state court. Right. You're not supplementing the record by telling us what the new situation is as far as his state sentence. I don't know whether he got one or not. No, Your Honor. All right. The record is silent as to the state sentence, and I'm not asking the court to speculate on that. All I'm simply saying is he still would have the opportunity, if he is sentenced, to ask the court at the state level to impose a sentence that's concurrent. The guideline provision is directed towards the state, excuse me, the sentencing judge. So obviously the sentencing judge is the one that has to anticipate the sentence. And because the district judge did not anticipate a state sentence, there's no error here for the court to remand on. Again, as I mentioned before, this is before the court on plain error. So the court, if it were to find error, would have to essentially create new law today to the effect that an uncharged state case could be an anticipated sentence, which no court has held before and would be charting new territory. Again, it would be unfair for the district court to have been expected to make this determination based on the current state of Fifth Circuit and other circuit law, as well as the exchange, the colloquy, between defense counsel where he was essentially undercutting the state's case. So both in terms of what the state of the law is at the time of sentencing, as well as the facts on the record before the court, there was nothing in the record that would have led the court to believe that a state charge was coming. Mr. Beck did mention the fact that there was a detainer put on the defendant whenever he was brought from state custody to federal custody. But that was of no moment to that. That should not have put the district court on notice of pending state charges because the detainer was lodged in response to a possession of marijuana charge and unlawful possession of firearm charges, which had been dismissed at this point. So the fact that there was a pending detainer by the Tarrant County Sheriff's Office is not a reason to trigger in the mind of the sentencing judge that a state sentence would be coming. Your Honors, I have been prepared to address the remaining points with regard to the sentencing enhancement under 2K2.1. That's entirely up to you if you want to do so. Mr. Beck hasn't waived anything that's in his brief by not arguing it. Right. That's your decision. I'll just briefly touch on that unless there are other questions on the anticipated question. Just briefly, Your Honor, I think the record is clear that the record provides sufficient factual basis for the district court to have made a finding that Mr. Johnson engaged in drug trafficking and in robbery. I'll just clarify that the question of the robbery, whether or not that's relevant conduct, the question before the district court was whether or not Mr. Johnson's possession of a firearm on January 14th was relevant conduct to his possession of the firearm on January 15th. And so that's what the court's really trying to decide on what is relevant conduct. And then because the court found that Mr. Johnson's possession of the firearm on January 14th was relevant conduct to his subsequent possession, he then found that that firearm was used in connection with the robbery. So the question is not whether or not the robbery is relevant conduct to the possession of the firearm on January 15th, but whether or not the firearm possession on the 14th was relevant conduct to the firearm possession on the 15th. Are you asking us to reach the 14b issue, or is it enough just to address the 14e1? I'm making the drug trafficking point. Okay. So this Court can affirm on either basis. I will note that the sentencing judge made both findings. And so I think this Court can affirm on either basis. I will note that because the judge made both findings, there has been no indication for the record that State charges were filed based on the drug trafficking crime. And because the sentencing judge found that Mr. Johnson engaged in drug trafficking, that could essentially moot the issue on the anticipated question because the sentence, because the judge found that Mr. Johnson engaged in drug trafficking, which has undisputably not been charged, and that would be essentially no 5G1.3c issue because drug trafficking and the robbery were two different crimes. All right. Thank you, Mr. Taylor. Thank you, Your Honor. Mr. Beck, you've saved time for a vote. May it please the Court, Your Honors, three points on the rebuttal. First, as to what was the basis for the relevant conduct enhancement, that's on page 132 of the record, and that's provision from the pre-sentence report. It was the previous day's robbery in addition to the possession of marijuana on the date of the offensive conviction. So there were two reasons that the pre-sentence report advocated for this enhancement. The judge adopted both of them. Of course, possession of a firearm is a continuing offense, and you couldn't be charged or enhanced for each day or each minute that you possessed that one particular firearm. So it was the previous day's robbery as well as the possession of marijuana. Both of them were found to be relevant conduct to the offensive conviction. Second, I want to make a comment about United States v. Looney. And I think United States v. Looney is used by the government to show that anticipate means pending. Of course, I disagree with that, and I'll continue with that in a moment. But second, Looney shows us what should have happened in this case. Right after that language, right toward the end of the opinion, it describes how in that case the district court did order that the offense of instant offensive conviction to run concurrent to the state conduct. There it's talking about back time up until that point. But as far as front time, what we're talking about here, the judge did exactly what they should have done. And I want to read the language that the judge put into the judgment, and it's what I'm saying the judge should have done here. The sentence of imprisonment is, quote, to run concurrently with any state sentence imposed in the state court action growing out of the same conduct. That's the language the district court put into the judgment in Looney, and that's the same language the district court should have put into the judgment here. Now, third, as to the definition of anticipate versus the definition of pending, I do believe that anticipate is not a difficult concept to apply. Anticipate meaning it's a broad concept, admittedly, but it means to foresee or to expect. And I want to draw a contrast between that and pending, which has a very specific definition, that the grand jury has returned an indictment. And I'm not saying that the district court has to always be under the burden of seeing the future, of anticipating something that's not pending. What I'm saying is that that's possible. The district court judge can do that if the circumstances suggest it. And I would actually go one step further and say that the district court actually did anticipate a state sentence that would be imposed in the future. It would have been easier for the government if the sentencing commission had put in bright line rules here, said pending. But what the sentencing commission did is they created 5G 1.3C in 2014 in response to the U.S. Supreme Court's holding in Setzer v. United States. What the sentencing commission wanted to do is to say, finally, in light of Setzer, we're going to take one step further and provide district court's guidance here and say we're going to treat anticipated sentences the same as sentences that are already imposed. And the reason for doing so was one of fairness, and that's described in Amendment 787. So for these reasons, Your Honor, we ask the court for very limited relief, to remand to the district courts to modify the judgment or, at a minimum, to put to enter a finding into the record as to whether it's anticipated and what the consequences of that anticipation will be, whether it's a variance or whether it's to run the federal sentence concurrent. Mr. Beck, I'll quickly look back at your briefs. I don't see a cite to this Looney case you're relying on now. It's not listed in your list of cases. Yes, Your Honor. So if you would give a cite to the court clerk so we could have that. Yes. And I want to tell you first where that's coming from. The government cited it in their response, and then I cited it in the reply. But here's the actual citation. Wait. You say you cited it in your reply? I may not have. I may have just talked about the Dredke case. You just listed Johnson v. Dredke. Okay. I was responding to the pending argument based in Looney that the government had made. Here's the citation for Your Honors. 606 Federal Appendix 744, and that's from 2015. So 606 Fed Appendix 744. And that is cited in the government's brief. And I'm here responding to the government's argument. Thank you for your time, Your Honors. Thank you, Mr. Beck. Your case is under submission. Final case for today, Dunn v. Marquette.